1  David Sean Dufek, Esq. (Cal. Bar No. 193723)
Law Office of David Sean Dufek
2  2655 Camino Del Rio North #110
San Diego, CA  92108
3  (619) 299-1709

4  Attorney for Defendant, Christine L. Arbuckle

5  Bernard M. Hansen, Esq. (Cal. Bar No. 115751)
3465 Camino Del Rio South, Suite 250
6  San Diego, CA  92108-3905
(619) 283-3371
7  Facsimile (619) 282-8900
bernardmhansen@sbcglobal.net
8

9  Attorney for Defendant, Christene L. Arbuckle

10              UNITED STATES BANKRUPTCY COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| In re | ADVERSARY PROCEEDING NO. 10-90320-PB7 |
| KENDALL MARTINEZ DBA FLOOD RESCUE & RESTORATION DBA FLOOD RESCUE, DBA ENVIROTEK, | RESPONSE BY DEFENDANT, CHRISTENE L. ARBUCKLE, TO COURT'S ORDER TO SHOW CAUSE DATED APRIL 11, 2011 |
|                Debtor. Case No. 03-04985-PB7 | |
| KENDALL MARTINEZ              Plaintiff, vs. CHRISTENE L. MARTINEZ              Defendant. | DATE: May 9, 2011 TIME: 10:00 a.m. DEPT.: Four Honorable Peter W. Bowie |

26  ///

27  ///

28  ///

# I
## INTRODUCTION

This matter commenced over 9 years ago, when no later than August 24, 2001, the Debtor knowingly and fraudulently induced his then wife, Christene L. Arbuckle, to enter a Martial Settlement Agreement.  The Debtor promised to pay $76,518 to Ms. Arbuckle before the end of 2001 and made written representations relating to his ability to pay.  On the Promissory Note, the Debtor hand-wrote: "Christene L. Martinez will be paid first – before all other debts are paid."  In return, Ms. Arbuckle gave up her 50% interest in a thriving flood rescue and restoration business operated by the Debtor.

The Debtor never paid a penny or any other amount.

To consolidate his ill gotten gains, the Debtor filed a "bust out" bankruptcy in 2003.  The Debtor repeatedly perjured himself in his schedules and Statement of Financial Affairs.  He failed to list Ms. Arbuckle as a creditor or party in interest in his Schedules.  He stated in his Statement of Financial Affairs that he has no wife or former wife.  He failed to list Ms. Arbuckle in his Verification of Creditor Matrix. He failed to list business assets.  The underling debt is nondischargeable, including under 11 U.S.C. §§523(a)(2)(A), (a)(2)(B), (a)(3) and (a)(6).

The Debtor continues to punish Ms. Arbuckle by failing to pay child support.  On June 17, 2008, in their dissolution proceeding, the Superior Court found that the Debtor's gross monthly income of $21,000 was 5 times as much as Ms. Arbuckle's gross monthly income of $4,000.

Among the Debtor's most recent missteps are:

(a)    The Court sanctioned the Debtor $2,000 for his discovery abuses, including failure to produce documents (The order is Docket No. 52.);

(b)    A second failure to provide documents although ordered by this Court to do so.  The order (Docket No. 52) provides:

IT IS ORDERED that on or before March 22, 2011, Kendall Martinez shall produce all profit and loss statements, all bank statements and all general ledgers for 2001 through 2008 relating to his flood and restoration business (sometimes known as Flood Rescue,

Flood Rescue & Restoration and Envirotek, as well as any successor in interest or subsequent incorporated entity) by delivery of copies to Bernard M. Hansen, Esq., 3465 Camino Del Rio South, Suite 250, San Diego, CA 92108;

(c)    Failure to pay all or any part of the $2,000 in sanctions on or before March 14, 2011 as required by the order (Docket No. 52). Neither all nor any part of the $2,000 has been paid; and

(d)    Failure to attend the April 4, 2011 pre-trial status conference.

The Order to Show Cause issued by this Court on April 11, 2011, ask the Debtor to show cause why the complaint should not be dismissed without prejudice.

Dismissal without prejudice is just about the best outcome the Debtor could hope for. Dismissal without prejudice is just about the worst outcome Ms. Arbuckle could hope for.

Given the Debtor's conduct surrounding the Martial Settlement Agreement (before his 2003 bankruptcy case), his conduct during his 2003 bankruptcy case and his conduct in this adversary proceeding, it is the Debtor who should finally suffer some negative consequence for his behavior.

Dismissal without prejudice means the next time Ms. Arbuckle and her counsel are posed to finally levy on the Debtor's assets, the Debtor will simply reopen his bankruptcy case and file a new adversary proceeding coupled with a threat at Ms. Arbuckle that she is violating his discharge injunction.

Ms. Arbuckle respectfully requests this Court to dismiss this adversary proceeding with prejudice. Alternatively, Ms. Arbuckle respectfully requests this Court to allow her to file a motion under Rule 7041(b) of the F.R.Civ.P. to dismiss this action with prejudice.

It has been almost 10 years from the Debtor's first, unambiguous act commencing his fraudulent scheme. This adversary proceeding is not like fine wine. It is not getting better with age.

II
CASE BACKGROUND

The declarations of Christene L. Martinez, David Sean Dufek and Bernard M. Hansen and a request for judicial notice were previously filed herein.

///

3

A.    The Fraudulent Inducement.

On July 18, 1999, Ms. Arbuckle and the Debtor married and subsequently had one child together.

On August 24, 2001, Ms. Arbuckle and the Debtor entered a Marriage Settlement Agreement (the "MSA"), which is attached as Exhibit A to the Declaration of Christene L. Arbuckle, filed herewith.

In ¶ 15.b.(1) of the MSA, the Debtor was awarded as his sole and separate property, "the business known as Flood Rescue & Restoration".

In ¶ 17.a. of the MSA, the Debtor agreed:

"a.    To equalize the division of community and co-owned property, Husband shall pay to Wife the sum of $76,518.  This obligation shall be paid on or before December 31, 2001, in cash and shall be secured by a promissory note secured by Husband in the face amount of $76,518, together with interest at the rate of 8½% per annum, all due and payable with interest on or before December 31, 2001."

The Debtor had every incentive to value Flood Rescue & Restoration as low as possible in order to keep his equalization payment as low as possible.

In ¶ 24 of the MSA, the Debtor warranted:

"Each party expressly represents that he or she can now and for all times in the foreseeable future afford the obligations imposed under this Agreement.  Each party warrants that the detriment to the other party due to the warranting party's failure to honor these obligations would greatly outweigh any benefit to the warranting party of a bankruptcy discharge of the obligations.  Each party further warrants that he or she would not enter into this Agreement and give up his or her interest in the community assets but for the other party's representation of these facts."

In the associated Promissory Note, which is Exhibit B to the Declaration of Ms. Arbuckle, the Debtor hand-wrote: "Christene L. Martinez will be paid first – before all other debts are paid."

The Debtor has failed to pay all or any part of the amount owed.

///

B.    The "Bust Out" Bankruptcy.

On May 22, 2003, the Debtor filed his bankruptcy petition.  *See*, Exhibit A to the Request for Judicial Notice, filed herewith.

The Debtor executed his Schedules, Statement of Financial Affairs and Verification of Creditor Matrix under penalty of perjury.  Request for Judicial Notice, Exhibit A.

The Debtor does not list Ms. Arbuckle as a creditor or party in interest in his Schedules.  Request for Judicial Notice, Exhibit A.

In response to Question 16 of his Statement of Financial Affairs, the Debtor states he has no spouse or former spouse.  Request for Judicial Notice, Exhibit A.

On September 8, 2003, the Debtor filed an Amendment to his Statement of Financial Affairs. The Debtor did not amend his response to Question 16.  *See*, Exhibit B to the Request for Judicial Notice, filed herewith.

In his Verification of Creditor Matrix, the Debtor does not list Ms. Arbuckle as a creditor. Request for Judicial Notice, Exhibit A.

In response to Schedule B, Item 12 "Stock and interests in incorporated and unincorporated businesses. Itemize.", the Debtor answered "None."  Request for Judicial Notice, Exhibit A.

On September 8, 2003, the Debtor filed an Amendment to his Schedule B adding "Flood Rescue (No Value)".  Request for Judicial Notice, Exhibit B.

In response to Schedule B, Item 15 "Accounts receivable", the Debtor stated "None."  Request for Judicial Notice, Exhibit A.

The Debtor did not amend his response to Schedule B, Item 15 "Accounts receivable", when he filed his Amendment to his Schedule B.  Request for Judicial Notice, Exhibit B.

///

///

5

The only way the Debtor could shed his debts, but retain his valuable business was to keep his ex-wife away from the chapter 7 trustee. Ms. Arbuckle knew that the Debtor had stipulated the business was of significant value and had agreed to pay her an equalizing payment of $76,518.

The Debtor devised a simple plan. Lie, lie and lie; and if necessary, lie some more.

C.    The Debtor's Financial Shenanigans at Ms. Arbuckle's Expense.

On June 17, 2008, in their dissolution proceeding, the Superior Court issued a Statement of Decision relating to Ms. Arbuckle's "Order to Show Cause seeking modification of child support, a judgment for child arrears…" *See*, Exhibit C to the Declaration of Ms. Arbuckle. The Superior Court held:

> In 2005, Tony Yip, a Certified Public Accountant and partner in the accounting firm of Brodsmatzer, Wallace, Spoon, and Yip, found that Mr. Martinez's income was approximately $23,000 per month in a year when Flood Rescue grossed $594,236. In 2007, Flood Rescue grossed $968,314, yet Mr. Martinez asserts that his income is only $13,111 per month. That claim is not credible. Mr. Martinez asserts that due to a downturn in the construction industry, Flood Rescue's gross income is decreasing. Yet in the first four months of 2008, the business grossed $311,860 and is, therefore, on track to gross almost the same as it did in 2007. (Page 2)
> …
> Accordingly, the Court finds that Mr. Martinez's income has been understated by him on his Income and Expense Declaration, and, as stated, that he has $21,000 in gross monthly income available for support. (Pages 2-3)
> …
> Thus, the Court finds that her [Ms. Arbuckle's] gross monthly income averages $4,000 per month. (Page 3)

Ms. Arbuckle has incurred in excess of $43,000 in legal fees litigating with the Debtor in the Dissolution Proceeding. In November of 2009, one of her former attorneys, Benjamin & Sutton, filed a civil action against her in San Diego Superior Court seeking damages of $20,000 for unpaid legal bills. This action is still pending.

D.    The Debtor's Recent Misconduct.

Among the Debtor's most recent missteps are:

6

(a)    The Court sanctioned the Debtor $2,000 for his discovery abuse, including failure to produce documents (The order is Docket No. 52.);

(b)    A second failure to provide documents although ordered by this Court's to do so.  No documents of any kind were produced.  The order (Docket No. 52) provides:

> IT IS ORDERED that on or before March 22, 2011, Kendall Martinez shall produce all profit and loss statements, all bank statements and all general ledgers for 2001 through 2008 relating to his flood and restoration business (sometimes known as Flood Rescue, Flood Rescue & Restoration and Envirotek, as well as any successor in interest or subsequent incorporated entity) by delivery of copies to Bernard M. Hansen, Esq., 3465 Camino Del Rio South, Suite 250, San Diego, CA  92108;

(c)    Failure to pay all or any part of the $2,000 in sanctions on or before March 14, 2011 as required by the order (Docket No. 52).  Neither all nor any part of the $2,000 has been paid; and

(d)    Failure to attend the April 4, 2011 pre-trial status conference.

III
LEGAL ARGUMENT

A.    <u>This Court Can and Should Dismiss this Adversary Proceeding with Prejudice.</u>

In addition to 11 U.S.C. §105, this Court has the legal ability to dismiss this action with prejudice under Rule 7041(b) of the F.R.Civ.P. which provides, in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."

Dismissals under Rule 7041(b) "operate as adjudication upon the merits" unless a court specifies to the contrary.  Here, the OSC specifies dismissal will be without prejudice under 11 U.S.C. §105.

Under Rule 7041(b) "with prejudice" is standard operating procedure.  "Without prejudice" is the exception.  Under the facts of this case, there is no good reason to dismiss without prejudice.  Under the facts of this case, there are good reasons to dismiss with prejudice.

Given the Debtor's conduct surrounding the Martial Settlement Agreement (before his 2003 bankruptcy case), his conduct during his 2003 bankruptcy case and his conduct in this adversary

proceeding, it is the Debtor who should finally suffer some negative consequence for his behavior. Dismissal without prejudice at this juncture would be a positive reinforcement.

Dismissal without prejudice means that the next time Ms. Arbuckle and her counsel are posed to finally levy on the Debtor's assets, the Debtor will simply reopen his case and file a new adversary proceeding coupled with a threat at Ms. Arbuckle that she is violating his discharge injunction.

IV
CONCLUSION

Ms. Arbuckle respectfully requests this Court to dismiss this adversary proceeding with prejudice. Alternatively, Ms. Arbuckle respectfully requests this Court to allow her to file a motion under Rule 7041(b) of the F.R.Civ.P. to dismiss this action with prejudice.

Dated: April 25, 2011                           /s/ Bernard M. Hansen
                                                Bernard M. Hansen,
                                                Attorney for Defendant, Christene L. Arbuckle

PROOF OF SERVICE

I, the undersigned, certify and declare I am a citizen of the United States, over the age of 18 years and not a party to the within action. On April 25, 2011, I served the following document(s):

RESPONSE BY DEFENDANT, CHRISTENE L. ARBUCKLE, TO COURT'S ORDER TO SHOW CAUSE DATED APRIL 11, 2011

on the addressee(s) listed below by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at San Diego, California, addressed as follows:

Kendall Martinez, 7250 Clairemont Mesa Blvd., San Diego, CA 92111

I hereby certify I am a member of the bar of this court. Executed on April 25, 2011, at San Diego, California.

                                                /s/ Bernard M. Hansen
                                                Bernard M. Hansen